

U.S. ~~~~~~~~~~T
DIS~~~~~ OF WYOMING

2013 SEP 5 AM 9 30

STEPHAN HARRIS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT

### DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES,<br>KELLY JAMES<br><br>PLAINTIFFS,<br><br>vs.<br><br>QUANTUM FINANCIAL BUSINESS<br>SERVICES, LLC, et al.<br><br>DEFENDANTS. | Case Number: 13-CV-165J |

### PLAINTIFFS' MOTION TO STRIKE PLEADINGS OF AND ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT QUANTUM FINANCIAL BUSINESS SERVICES, LLC

Plaintiffs, GEORGE JAMES and KELLY JAMES (hereinafter "Plaintiffs"), on this 5th day of September, 2013, pursuant to Fed. R. Civ. P. 12, moves to strike the pleadings of and enter default judgment against Defendant Quantum Financial Business Services, LLC d/b/a Quantum Collection Services, LLC d/b/a Checkrite of Corpus Christi, John and/or Jane Does 1-10 (hereinafter "QUANTUM"). Defendant's Answer has many fatal procedural flaws. Defendant, a corporate entity, also has violated Supreme Court and 10th Circuit precedent by filing its Answer through an individual not licensed to practice law. As a result of these violations, the Court should strike Defendant's Answer and direct QUANTUM to retain counsel that is authorized to practice in this

Court and file an Answer by September 19, 2013. If QUANTUM fails to obey this Courts order the Court should direct the Clerk to enter default judgment in favor of Plaintiffs.

1. Defendant QUANTUM filed an Answer and exhibit August 20, 2013 pro se by Mike McClain (Doc. 3).

2. The Plaintiffs' Complaint alleges violations of the FDCPA, FCRA, and Wyoming state law violations.

3. Defendant QUANTUM's Answer contains many flaws pursuant to Fed. R. Civ. P. 5.2, 7.1, 8, and U.S.D.C.L.R. 5.1 and 8.2.

4. Defendant QUANTUM's Answer does not fairly admit or deny the claims in the Complaint giving fair notice to Plaintiffs of their defense, pursuant to Fed. R. Civ. P. 8.

5. Defendant QUANTUM's Answer does not address violations of the FDCPA, FCRA, and Wyoming state law violations in Plaintiffs Complaint.

6. Defendant QUANTUM's Answer does not redact personal data of the Plaintiffs, pursuant to Fed. R. Civ. P. 5.2 and U.S.D.C.L.R. 8.2.

7. Defendant QUANTUM's Answer does not have the required affidavit or certificate of service pursuant to U.S.D.C.L.R. 5.1.

8. Defendant QUANTUM has failed to file and serve a corporate disclosure statement, pursuant to Fed. R. Civ. P. 7.1.

9. A corporate entity, such as QUANTUM, is not allowed to appear pro se. This principal is well established under Supreme Court and Tenth Circuit precedent. *See* Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co., 39 U.S. 60, 65 (1840) ("[A] corporation cannot appear but by attorney. . ."); Osborn v. Bank of the United States, 22 U.S. 738, 830 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."); Tal v. Hogan, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court."); Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").

10. Absent an appearance by a licensed attorney, any filings made by QUANTUM may be stricken and default judgment may be entered against it.

11. The Court should strike QUANTUM's pro se Answer, direct them to retain an attorney authorized to practice in this Court, and file an Answer no later than September 19, 2013.

12. Striking an answer and entering default are harsh sanctions. Nonetheless, they

are appropriate in this case if Defendant QUANTUM continues to file pleadings pro se. Since the inception of this case, Defendant has failed to meet its responsibilities. Defendant's Answer was filed in violation of the clear requirement that it do so through an attorney authorized to practice in this Court.

13. To the extent an Answer is required by Plaintiffs to allegations in Defendant's pleadings, Plaintiffs deny any and all such allegations in their entirety.

14. Due to the nature of this motion, concurrence of Defendants was not sought.

WHEREFORE, Plaintiffs pray that QUANTUM's pleadings be stricken and the Court directs QUANTUM to retain counsel that is authorized to practice in this Court and file an Answer by September 19, 2013. If QUANTUM fails to obey this Courts order default judgment be entered against it on liability, that the amount of the default judgment be determined by later proceedings in this matter, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

Date: September 5, 2013

_/s/ Kelly James_
Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
kj_james71@yahoo.com
307-635-3119

_/s/ George James_
George James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
gjames1@gmail.com
307-635-3119

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2013 I served a copy of *Plaintiffs Motion to Strike* by USPS First Class mail, postage prepaid to:

Quantum
Mike McClain
2820 South Padre Island Drive, Suite 205
Corpus Christi, Texas 78415

/s/ George James
George James