UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

―――――――――――――

GEORGE JAMES and KELLY JAMES,

Plaintiffs,

v.

QUANTUM FINANCIAL BUSINESS
SERVICES, LLC d/b/a QUANTUM
COLLECTION SERVICES, LLC d/b/a
CHECKRITE OF CORPUS CHRISTI,

Defendant.

Case No. 13–CV–165–ABJ

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE PLEADINGS OF AND ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT QUANTUM FINANCIAL BUSINESS SERVICES, LLC**

Plaintiffs sued Defendants alleging violations of the Fair Debt Collection Practices Act, Fair Credit Reporting Act, related state statutes, and common law torts. Defendant Quantum Financial Business Services, LLC ("Quantum Financial") has responded to these allegations through Michael T. McClain, an agent of Quantum Financial who is not authorized to practice law before the Court. Plaintiffs have moved to strike Quantum Financial's Answer and for an entry of default judgment against Quantum Financial. The Court grants Plaintiffs' motion in part and denies it in part.

## FACTS

Plaintiffs George James and Kelly James are natural persons residing in Cheyenne, Wyoming. They allege that Defendant Quantum Financial Business Services, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, related Wyoming consumer protection statutes, and state common law torts of invasion of privacy and intentional infliction of emotional distress. Plaintiffs allege that Quantum Financial is a Texas corporation with its principal place of business in Corpus Christi, Texas. Complaint at 3. Plaintiffs filed their complaint on August 6, 2013.

Quantum Financial responded to Plaintiffs' allegations in its Answer filed two weeks later. Michael T. McClain filed Quantum Financial's Answer, but it does not appear anywhere in the Answer that Mr. McClain is authorized to practice law. Docket No. 3. Quantum Financial's Answer does not deny that it is a corporation, but Mr. McClain's filings both indicate that it is a limited liability company, or LLC. Docket Nos. 3 and 5.

Plaintiffs filed the motion that is the subject of this order approximately two weeks after Quantum Financial filed its Answer. Docket No. 4. Quantum Financial, through Michael McClain, responded to Plaintiffs' motion two weeks thereafter alleging that he could litigate on Quantum Financial's behalf. Docket No. 5. Mr. McClain claims that he has spoken with "Cheyenne local counsel" who "assured [him] that as an LLC [he] may in fact file an answer pro se." *Id.* at 1.

## DISCUSSION

"As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*." *Harrison v. Wahatoyas, LLC*, 253 F. 552, 556 (10th Cir. 2001); *see Tal v. Hogan*, 453 F.3d 1244

(10 Cir. 2006). The Supreme Court has stated that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993).

> "[T]he rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."

*Id.* at 202.

Limited liability companies are a "relatively new business structure" that have some features of corporations and some features of partnerships. *See McNamee v. Department of the Treasury*, 488 F.3d 100, 107 (2nd Cir. 2007). Because both partnerships and corporations must appear through licensed counsel, the logical conclusion is that limited liability companies should appear only through a licensed attorney as well. Some courts allow sole proprietorships to proceed *pro se*, but that is because a sole proprietorship has no legal existence apart from its owner. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2nd 2007) (internal citations omitted). However, unlike a sole proprietorship, a limited liability company is a distinct legal entity that is separate from its owner or owners. *Id.*

> An individual is permitted by 28 U.S.C. § 1654 to proceed pro se in a civil case in federal court because he might be unable to afford a lawyer, or a lawyer's fee might be too high relative to the stakes in the case to make litigation worthwhile other than on a pro se basis. . . . But the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity. . . . [The business owners] must take the burdens with the benefits.

*United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008) (internal citations omitted).

According to Mr. McClain's filings, Quantum Financial appears to be a limited liability company. It is unclear what Mr. McClain's position is within Quantum Financial, but nowhere

has he indicated that he is authorized to practice law. Thus, it appears that Mr. McClain is attempting to litigate before the Court *pro se* on Quantum Financial's behalf; he cannot continue to do so. *See Lattanzio*, 481 F.3d at 140; *Hagerman*, 545 F.3d at 582; *accord Roscoe v. United States*, 134 Fed.Appx. 226, 227 (10th Cir. 2005). The Court therefore orders Quantum Financial to obtain counsel authorized to practice before the Court in order to proceed in this litigation.

Plaintiffs further request the Court to enter a default judgment against Defendant. Entering a default judgment against a litigant is a harsh remedy, and one that a court should not undertake lightly. In this case, Mr. McClain has not surrendered to Plaintiffs' claims. Instead, he has actively responded to Plaintiffs' complaint and motion. Entering a default judgment at this point would smack of injustice. Thus, the Court directs that, if Quantum Financial obtains appropriate counsel, counsel must file an amended answer within thirty (30) days of the entry of this order. If Quantum Financial does not obtain counsel who files an amended answer within that timeframe, then the Court will entertain a renewed motion for default judgment.

## CONCLUSION

The Court hereby **ORDERS** Defendant Quantum Financial Business Services, LLC to obtain counsel authorized to practice before the Court in order to proceed in this litigation. The Court further **GRANTS IN PART** Plaintiffs' motion to strike Quantum Financial's Answer (Docket No. 3) and **DENIES** Plaintiffs' prayer for entry of a default judgment.

Dated this 19th day of September, 2013.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE