FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 NOV 5 AM 11 00

STEPHAN HARRIS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT

### DISTRICT OF WYOMING

| | | |
|---|---|---|
| GEORGE JAMES,<br>KELLY JAMES | ) ) ) | Case Number: 13-CV-165-J |
| PLAINTIFFS, | ) ) ) | |
| vs. | ) ) | |
| QUANTUM FINANCIAL BUSINESS<br>SERVICES, LLC d/b/a QUANTUM<br>COLLECTION SERVICES, LLC d/b/a<br>CHECKRITE OF CORPUS CHRISTI;<br>JOHN and/or JANE DOE 1 through 10,<br>as employees of Quantum conglomerate, | ) ) ) ) ) ) | **Jury Trial Demanded** |
| DEFENDANTS. | ) ) | |

## FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15, Plaintiffs, GEORGE JAMES and KELLY JAMES

(hereinafter "Plaintiffs"), on this 5th day of November, 2013, do hereby as a matter of course

amend their original complaint against Defendants Quantum Financial Business Services, LLC

d/b/a Quantum Collection Services, LLC d/b/a Checkrite of Corpus Christi (hereinafter

"QUANTUM"), and John and/or Jane Doe 1 through 10, as employees of QUANTUM, on the

grounds and in the amounts set forth herein.

Plaintiffs filed their original complaint on August 6, 2013 and while Plaintiffs feel their

initial complaint was not overly pleaded, none the less Defendant's took the highly unusual

position and alleged a pro se litigants filing their federal complaint contained too much

information and in essence was difficult to understand due to the Plaintiffs in depth factual pleadings based on well settled legal theories and precedent.

In addition, while James' pleading style is not specifically required or addressed as not allowed in the rules, the Plaintiffs simply listed the statutory structure of the different laws the Defendants are alleged to have violated. The Plaintiffs were simply being as detailed as possible and instead of just alleging facts were alleging facts and then correlating those facts with the legal authority which showed the Plaintiffs were entitled to seek redress for the alleged violations.

## I.INTRODUCTION

1. This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiffs institute this action for statutory damages, actual damages, and the costs of this action, against the Defendants for multiple violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. §1692 *et seq.*, Texas Debt Collection Practices Act, Chapter 392 ("TDCPA"), Tex. Fin. Code §§ 392.001-.404), seeks declaratory judgment ruling Defendant QUANTUM violated Wyoming Statutes § 40-12-101 *et seq.* Wyoming Consumer Protection Act (hereinafter "WCPA"), and § 33-11-101 *et seq.* Wyoming Collection Agency Act (hereinafter "WCAA"), invasion of privacy, and emotional distress.

## II. PARTIES

2. Plaintiffs are natural persons, residing in Cheyenne, Laramie County, Wyoming.

3. Plaintiffs are consumers as defined by the FDCPA and TDCPA.

4. Defendant QUANTUM is a Texas corporation with its principal place of business at 2820 South Padre Island Drive, Suite 205, Corpus Christi, Texas.

5. Defendant QUANTUM is a debt collector engaged in the collection of alleged consumer debts using the telephone, the United States Postal Service, and all other means at its disposal.

6. Defendant QUANTUM regularly attempts to collect consumer debts alleged to be due to another.

7. Defendant QUANTUM is operating as a "debt collector" and a "collection agency" in the state of Wyoming, as Defendant QUANTUM uses and used the telephone and the United States Postal Service and conducts the business of a collection agency in the state of Wyoming.

## III. JURISDICTION AND VENUE

8. Jurisdiction is conferred on this Court by the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367. This Honorable Court is a Court of competent jurisdiction which has original jurisdiction over Plaintiffs federal claims and is authorized by the FDCPA to hear and adjudicate Plaintiffs claims against Defendant QUANTUM.

9. As Plaintiffs state claims are related to Plaintiffs federal claims, are inextricably entwined and arise out of a common nucleus of related facts, this Court has supplemental jurisdiction to hear Plaintiffs state claims against Defendant QUANTUM.

10. Plaintiffs state claims are related to Plaintiffs federal claims as those claims form part of the same case of controversy under Article III of the United States Constitution.

11. Plaintiffs state claims are not complex or novel and are straightforward.

12. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

13. Declaratory judgment is just and proper in this case, as declaratory judgment will send the appropriate message to the Defendant QUANTUM that their conduct will continue to subject them to future damages.

14. Venue is proper as all alleged conduct by Defendant QUANTUM took place in Cheyenne, Wyoming, while the Plaintiffs were residing in Cheyenne, Wyoming, and/or the Defendants have availed themselves of jurisdiction in this venue by conducting business therein.

## IV. FACTS COMMON TO ALL COUNTS

15. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (14).

16. On May 9, 2013, on or about 1:23pm, a debt collector, in so far as debt collector is defined under the *FDCPA 15 U.S.C. § 1692(a)(6)*, working under the direct authority and supervision of QUANTUM, advising her name was "Jane Doe" voluntarily, while uninvited, intruded into the home of the Plaintiffs and illegally communicated with the Plaintiffs, in so far as communication is defined under the *FDCPA, 15 U.S.C. § 1692(a)(2)*.

17. Debt collector Jane Doe's communication included making the following voluntary disclosures on Plaintiffs voice mail;

- Debt collector Jane Doe was calling in an effort to communicate with George.

- Debt collector Jane Doe was calling and communicating from QUANTUM.

- George was instructed he must return the call to QUANTUM.

- The number George was instructed to call is toll free.

18. On or about May 9, 2013 QUANTUM mailed or caused to be mailed, under the direct authority and supervision of QUANTUM, voluntarily, a communication to Mr. James alleging

money owed for an account placed with QUANTUM for collection, account number 161930-70468. The communication contained no validation notice. The communication demanded payment for the face value of the check, "Return Check Fee: $30" and "Collection Fee: $25."

19. On the date of May 17, 2013, and in response to QUANTUM's communication on or about May 9, 2013, Mr. James notified QUANTUM by certified mail, Mr. James "refused to pay the debt," (*See Exhibit 1 attached hereto and incorporated by reference.*) and thereby asserting a cease communications directive against QUANTUM, pursuant to the plain and unambiguous language found under the *FDCPA, 15 U.S.C. § 1692c(c)*, and, while in no way required by law, advised QUANTUM of the reason for the refusal to pay. The cease communication directive was received by QUANTUM on May 30, 2013, per the FDCPA, James' cease communications directive was complete upon QUANTUMS receipt. *See Exhibit 2 attached hereto and incorporated by reference.*

20. On May 17, 2013, on or about 12:45pm, a debt collector working under the direct authority and supervision of QUANTUM, advising her name was "Jane Doe", voluntarily, while uninvited, intruded into the home of the Plaintiffs and communicated with the Plaintiffs by placing a call to Plaintiffs and leaving a voice mail communication, which contained substantially the same information as contained in paragraph 17.

21. On or about May 17, 2013 QUANTUM further communicated with the Plaintiffs and mailed or caused to be mailed, under the direct authority and supervision of QUANTUM, voluntarily, another communication to Mr. James alleging money owed for an account placed with QUANTUM for collection, account number 162433-70468. The communication contained

no validation notice. The communication demanded payment for the face value of the check, "Return Check Fee: $30" and "Collection Fee: $25."

22. On the date of May 21, 2013, and in response to QUANTUM's communication on or about May 17, 2013, Mr. James notified QUANTUM by certified mail, Mr. James "refused to pay the debt," (*See Exhibit 3 attached hereto and incorporated by reference.*) and thereby asserting a cease communications directive against QUANTUM, pursuant to the plain and unambiguous language found under the *FDCPA, 15 U.S.C. § 1692c(c)*, and, while in no way required by law advised QUANTUM of the reason for the refusal to pay. The cease communication directive was received by QUANTUM on May 24, 2013. *See Exhibit 4 attached hereto and incorporated by reference.*

23. On May 21, 2013, on or about 12:17pm, a debt collector working under the direct authority and supervision of QUANTUM, advising her name was "Jane Doe", voluntarily, while uninvited, intruded into the home of the Plaintiffs and communicated with the Plaintiffs by placing a call to Plaintiffs and leaving a voice mail communication which contained substantially the same information as contained in paragraph 17.

24. On or about May 21, 2013 QUANTUM mailed or caused to be mailed, under the direct authority and supervision of QUANTUM, voluntarily, a communication to Mr. James alleging money owed for an account placed with QUANTUM for collection, account number 162547-70468. The communication contained no validation notice. The communication demanded payment for the face value of the check, "Return Check Fee: $30" and "Collection Fee: $25." James responded once again in the manner set forth in paragraph 19. The cease communication

directive was received by QUANTUM on May 31, 2013. *See Exhibit 6 attached hereto and incorporated by reference.*

25. On or about May 24, 2013 QUANTUM mailed or caused to be mailed, under the direct authority and supervision of QUANTUM, voluntarily, a communication to Mrs. James alleging money owed for accounts placed with QUANTUM for collection for the same accounts as set forth in paragraphs 18, 21, and 24. Included in the envelope, and Plaintiffs are still unsure as to why, was a copy of Mr. James' notifications to QUANTUM.

26. On the date of May 29, 2013, and in response to QUANTUM's communication of May 24, 2013, Mrs. James notified QUANTUM by certified mail, to QUANTUM a written communication stating that Mrs. James "refused to pay the debt," and, while, in no way required by law advised QUANTUM of the reason for the refusal to pay. (*See Exhibit 7 attached hereto and incorporated by reference.*) The cease communication directive was received by QUANTUM on June 3, 2013. *See Exhibit 8 attached hereto and incorporated by reference.*

27. On or about May 28, 2013 QUANTUM mailed or caused to be mailed, under the direct authority and supervision of QUANTUM, voluntarily, a communication to Mrs. James alleging money owed for an account placed with QUANTUM for collection, account numbers 162724-70468, and 162723-70468. The communication contained no validation notice. The communication demanded payment for the face value of the check, "Return Check Fee: $30" and "Collection Fee: $25."

28. On the date of June 3, 2013, and in response to QUANTUM's communication on or about May 28, 2013, Mrs. James responded as before. (*See Exhibit 9 attached hereto and*

*incorporated by reference.*) The cease communication directive was received by QUANTUM on

June 7, 2013. *See Exhibit 10 attached hereto and incorporated by reference.*

29. On May 31, 2013, on or about 10:53am and 10:55 am a debt collector working under the direct authority and supervision of QUANTUM, advising her name was "Jane Doe", voluntarily repeated the conduct as set forth in paragraph 17.

30. On June 3, 2013, Mrs. James obtained her credit report from the consumer reporting agency Experian. Mrs. James noticed her credit report had been illegally poisoned by QUANTUM as QUANTUM had added derogatory information by QUANTUM, the same account as set forth in paragraph 17. The credit report has no indication that Mrs. James disputes the alleged debt, a clear and willful violation of the Fair Credit Reporting Act.

31. On June 3, 2013, Mrs. James disputed QUANTUM's poisoning of her credit report pursuant to 15 U.S.C. § 1681i(a)(1). Experian did not notify Mrs. James at any time that the dispute was considered frivolous or irrelevant, or that Mrs. James had failed to provide sufficient information to investigate the disputed information. On June 13, 2013, Experian responded that QUANTUM verified the poisonous information as correct.

32. On June 28, 2013, Mrs. James obtainer her credit report from the consumer reporting agency Experian. The credit report contained additional poisoning by QUANTUM, the same accounts as set forth in paragraph 21, 24, and 27. The credit report has no indication that Mrs. James disputes the alleged debts.

33. On June 28, 2013, Mrs. James disputed the additional poisoning of her credit report by QUANTUM, pursuant to 15 U.S.C. § 1681i(a)(1). Experian did not notify Mrs. James at any

time that the dispute was considered frivolous or irrelevant, or that Mrs. James had failed to provide sufficient information to investigate the disputed information. On July 10, 2013, Experian responded that QUANTUM once again had verified their poisonous allegations against James as correct. Once again, Mrs. James experienced severe stress and other emotional damage due to QUANTUM's continued illegal conduct and the poisoning of her credit report.

## V. COUNT 1 FDCPA VIOLATIONS, AS TO ALL DEFENDANTS

34. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (33). The Defendants violations of the FDCPA include but are not limited to the following:

35. Defendant QUANTUM, on or about the dates of May 9, 2013 through July 10, 2013, violated the FDCPA, by representing themselves to Plaintiffs as collection agency authorized to conduct the business of a collection agency in the state of Wyoming. However, Defendant QUANTUM was not licensed to conduct the business of a collection agency in the state of Wyoming during their communications with Plaintiffs. As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(5), 1692e(10), and 1692f.

36. Defendant QUANTUM, on May 9, 2013, violated the FDCPA, by communicating and leaving a voice mail without meaningful disclosure of the caller's identity. As such, QUANTUM's conduct willfully violated 15 U.S.C. § 1692d(6), 1692e, and 1692f.

37. Defendant Jane Doe, on May 9, 2013, violated the FDCPA, by communicating and leaving a voice mail without meaningful disclosure of the caller's identity. As such it is a willful violation of 15 U.S.C. § 1692d(6), 1692e, and 1692f.

38. Defendant QUANTUM, on May 9, 2013, violated the FDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication was from a debt collector and the communication was an attempt to collect a debt. As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(11).

39. Defendant Jane Doe, on May 9, 2013, violated the FDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication was from a debt collector and the communication was an attempt to collect a debt. As such it is a violation of 15 U.S.C. § 1692e(11).

40. Defendant QUANTUM, on May 9, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mr. James that lacks the 30 day validation notice. As such, QUANTUM's conduct violated 15 U.S.C. § 1692g.

41. Defendant John and / or Jane Doe, on May 9, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mr. James that lacks the 30 day validation notice. As such it is a violation of 15 U.S.C. § 1692g.

42. Defendant QUANTUM, on or about May 9, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mr. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(2), 1692f, and 1692f(1).

43. Defendant John and/or Jane Doe, on or about May 9, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mr. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and

"Collection Fee: $25." As such it is a violation of 15 U.S.C. § 1692e(2), 1692f, and 1692f(1).

44. Defendant QUANTUM, on May 17, 2013, violated the FDCPA, by calling and leaving a voice mail without meaningful disclosure of the caller's identity. As such, QUANTUM's conduct willfully violated 15 U.S.C. § 1692d(6), 1692e, and 1692f.

45. Defendant Jane Doe, on May 17, 2013, violated the FDCPA, by calling and leaving a voice mail without meaningful disclosure of the caller's identity. As such it is a willful violation of 15 U.S.C. § 1692d(6), 1692e, and 1692f.

46. Defendant QUANTUM, on May 17, 2013, violated the FDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication was from a debt collector and the communication was an attempt to collect a debt. As such, QUANTUM's conduct violated 15U.S.C. § 1692e(11).

47. Defendant Jane Doe, on May 17, 2013, violated the FDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication was from a debt collector and the communication was an attempt to collect a debt. As such it is a violation of 15 U.S.C. § 1692e(11).

48. Defendant QUANTUM, on May 17, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mr. James that lacks the 30 day validation notice. As such, QUANTUM's conduct violated 15 U.S.C. § 1692g.

49. Defendant John and/or Jane Doe, on May 17, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mr. James that lacks the 30 day validation notice. As such it is a violation of 15 U.S.C. § 1692g.

50. Defendant QUANTUM, on or about May 17, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mr. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(2), 1692f, and 1692f(1).

51. Defendant John and/or Jane Doe, on or about May 17, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mr. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such it is a violation of 15 U.S.C. § 1692e(2), 1692f, and 1692f(1).

52. Defendant QUANTUM, on May 21, 2013, violated the FDCPA, by calling and leaving a voice mail without meaningful disclosure of the caller's identity. As such, QUANTUM's conduct willfully violated 15 U.S.C. § 1692d(6), 1692e, and 1692f.

53. Defendant Jane Doe, on May 21, 2013, violated the FDCPA, by calling and leaving a voice mail without meaningful disclosure of the caller's identity. As such it is a willful violation of 15 U.S.C. § 1692d(6), 1692e, and 1692f.

54. Defendant QUANTUM, on May 21, 2013, violated the FDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication was from a debt collector and the communication was an attempt to collect a debt. As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(11).

55. Defendant Jane Doe, on May 21, 2013, violated the FDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication was from a debt collector and the communication was an attempt to collect a debt. As such it is a violation of 15 U.S.C. §

1692e(11).

56. Defendant QUANTUM, on May 21, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mr. James that lacks the 30 day validation notice. As such, QUANTUM's conduct violated 15 U.S.C. § 1692g.

57. Defendant John and/or Jane Doe, on May 21, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mr. James that lacks the 30 day validation notice. As such it is a violation of 15 U.S.C. § 1692g.

58. Defendant QUANTUM, on or about May 21, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mr. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(2), 1692f, and 1692f(1).

59. Defendant John and/or Jane Doe, on or about May 21, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mr. James that attempts to collect an amount that is not expressly authorized by agreement or law , "Return Check Fee: $30" and "Collection Fee: $25." As such it is a violation of 15 U.S.C. § 1692e(2), 1692f, and 1692f(1).

60. Defendant QUANTUM, on May 24, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mrs. James that lacks the 30 day validation notice. As such, QUANTUM's conduct violated 15 U.S.C. § 1692g.

61. Defendant John and/or Jane Doe, on May 24, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mrs. James that lacks the 30 day validation notice. As such it is a violation of 15 U.S.C. § 1692g.

62. Defendant QUANTUM, on or about May 24, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mrs. James that attempts to collect an amount that is not expressly authorized by agreement or law , "Return Check Fee: $30" and "Collection Fee: $25." As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(2), 1692f, and 1692f(1).

63. Defendant John and/or Jane Doe, on or about May 24, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mrs. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such it is a violation of 15 U.S.C. § 1692e(2), 1692f, and 1692f(1).

64. Defendant QUANTUM, on or about May 24, 2013, violated the FDCPA, by violating the cease communications directive which had been lawfully asserted by the Plaintiffs. As such, QUANTUM's conduct violated 15 U.S.C. § 1692c(c), and 1692f.

65. Defendant John and/or Jane Doe, on or about May 24, 2013, violated the FDCPA, by violating the cease communications directive which had been lawfully asserted by the Plaintiffs. As such it is a violation of 15 U.S.C. § 1692c(c), and 1692f.

66. Defendant QUANTUM, on May 28, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mrs. James that lacks the 30 day validation notice. As such, QUANTUM's conduct violated 15 U.S.C. § 1692g.

67. Defendant John and/or Jane Doe, on May 28, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mrs. James that lacks the 30 day validation notice. As such it is a violation of 15 U.S.C. § 1692g.

68. Defendant QUANTUM, on or about May 28, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mrs. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(2), 1692f, and 1692f(1).

69. Defendant John and/or Jane Doe, on or about May 28, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Mrs. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such it is a violation of 15 U.S.C. § 1692e(2), 1692f, and 1692f(1).

70. Defendant QUANTUM, on May 31, 2013, violated the FDCPA, by calling and leaving a voice mail without meaningful disclosure of the caller's identity. As such, QUANTUM's conduct violated 15 U.S.C. § 1692d(6), 1692e, and 1692f.

71. Defendant Jane Doe, on May 31, 2013, violated the FDCPA, by calling and leaving a voice mail without meaningful disclosure of the caller's identity. As such it is a willful violation of 15 U.S.C. § 1692d(6), 1692e, and 1692f.

72. Defendant QUANTUM, on May 31, 2013, violated the FDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication was from a debt collector and the communication was an attempt to collect a debt. As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(11).

73. Defendant Jane Doe, on May 31, 2013, violated the FDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication was from a debt collector and the communication was an attempt to collect a debt. As such it is a violation of 15 U.S.C. §

1692e(11).

74. Defendant QUANTUM, on June 3, 2013, violated the FDCPA, by misrepresenting the character, amount, and legal status of the alleged debts with the information provided to Experian. As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(2), and 1692f.

75. Defendant John and/or Jane Doe, on or about June 3, 2013, violated the FDCPA, by misrepresenting the character, amount, and legal status of the alleged debts with the information provided to Experian. As such it is a violation of 15 U.S.C. § 1692e(2), and 1692f.

76. Defendant QUANTUM, on or about June 3, 2013, violated the FDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(8), and 1692f.

77. Defendant John and/or Jane Doe, on or about June 3, 2013, violated the FDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such it is a violation of 15 U.S.C. § 1692e(8), and 1692f.

78. Defendant QUANTUM, on or about June 13, 2013, violated the FDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(8), and 1692f.

79. Defendant John and/or Jane Doe, on or about June 13, 2013, violated the FDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such it is a violation of 15 U.S.C. § 1692e(8), and 1692f.

80. Defendant QUANTUM, on or about June 28, 2013, violated the FDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such, QUANTUM's conduct

violated 15 U.S.C. § 1692e(8), and 1692f.

81. Defendant John and/or Jane Doe, on or about June 28, 2013, violated the FDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such it is a violation of 15 U.S.C. § 1692e(8), and 1692f.

82. Defendant QUANTUM, on or about July 10, 2013, violated the FDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(8), and 1692f.

83. Defendant John and/or Jane Doe, on or about July 10, 2013, violated the FDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such it is a violation of 15 U.S.C. § 1692e(8), and 1692f.

84. Defendant QUANTUM's violation of Wyoming state law, in regards to engaging in deceptive practices and engaging in the business of a collection agency without a license, are a violation of the FDCPA. A violation of state law constitutes a violation of the FDCPA, because the state law violation is a violation which involves false, deceptive, or misleading representations. *See, Carlson vs. First Revenue Assurance, 359 F3d. 1015 (8th Cir. 2004).*

85. As a result of the foregoing violations of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

## VI. COUNT 2 VIOLATIONS OF THE TDCPA, AS TO ALL DEFENDANTS

86. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (85). The Defendants violation of the TDCPA include but are not limited to the following:

87. Defendant QUANTUM, on or about the dates of May 9, 2013 through July 10, 2013, violated the TDCPA, by representing themselves to Plaintiffs as a collection agency authorized to conduct the business of a collection agency in the state of Wyoming. However, Defendant QUANTUM was not licensed to conduct the business of a collection agency in the state of Wyoming during their communications with Plaintiffs. As such, QUANTUM's conduct violated Tex. Fin. Code § 392.301(a)(8), and 392.304(a)(19).

88. Defendant QUANTUM, on or about May 9, 2013, violated the TDCPA, by mailing or causing to be mailed a written communication to Mr. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such, QUANTUM's conduct violated Tex. Fin. Code § 392.303(a)(2), and 392.304(a)(19).

89. Defendant John and/or Jane Doe, on or about May 9, 2013, violated the TDCPA, by mailing or causing to be mailed a written communication to Mr. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such it is a violation of Tex. Fin. Code § 392.303(a)(2), and 392.304(a)(19).

90. Defendant QUANTUM, on May 9, 2013, violated the TDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose. As such, QUANTUM's conduct violated Tex. Fin. Code § 392.304(a)(5)(A), and 392.304(a)(19).

91. Defendant Jane Doe, on May 9, 2013, violated the TDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication is an attempt to collect a debt

and that any information obtained will be used for that purpose. As such it is a violation of Tex. Fin. Code § 392.304(a)(5)(A), and 392.304(a)(19).

92. Defendant QUANTUM, on or about May 17, 2013, violated the TDCPA, by mailing or causing to be mailed a written communication to Mr. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such, QUANTUM's conduct violated Tex. Fin. Code § 392.303(a)(2), and 392.304(a)(19).

93. Defendant John and/or Jane Doe, on or about May 17, 2013, violated the TDCPA, by mailing or causing to be mailed a written communication to Mr. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such it is a violation of Tex. Fin. Code § 392.303(a)(2), and 392.304(a)(19).

94. Defendant QUANTUM, on May 17, 2013, violated the TDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose. As such, QUANTUM's conduct violated Tex. Fin. Code § 392.304(a)(5)(A), and 392.304(a)(19).

95. Defendant Jane Doe, on May 17, 2013, violated the TDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose. As such it is a violation of Tex. Fin. Code § 392.304(a)(5)(A), and 392.304(a)(19).

96. Defendant QUANTUM, on or about May 21, 2013, violated the TDCPA, by mailing or

causing to be mailed a written communication to Mr. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such, QUANTUM's conduct violated Tex. Fin. Code § 392.303(a)(2), and 392.304(a)(19).

97. Defendant John and/or Jane Doe, on or about May 21, 2013, violated the TDCPA, by mailing or causing to be mailed a written communication to Mr. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such it is a violation of Tex. Fin. Code § 392.303(a)(2), and 392.304(a)(19).

98. Defendant QUANTUM, on May 21, 2013, violated the TDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose. As such, QUANTUM's conduct violated Tex. Fin. Code § 392.304(a)(5)(A), and 392.304(a)(19).

99. Defendant Jane Doe, on May 21, 2013, violated the TDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose. As such it is a violation of Tex. Fin. Code § 392.304(a)(5)(A), and 392.304(a)(19).

100. Defendant QUANTUM, on or about May 24, 2013, violated the TDCPA, by mailing or causing to be mailed a written communication to Mrs. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such, QUANTUM's conduct violated Tex. Fin. Code § 392.303(a)(2), and 392.304(a)(19).

101. Defendant John and/or Jane Doe, on or about May 24, 2013, violated the TDCPA, by mailing or causing to be mailed a written communication to Mrs. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such it is a violation of Tex. Fin. Code § 392.303(a)(2), and 392.304(a)(19).

102. Defendant QUANTUM, on or about May 28, 2013, violated the TDCPA, by mailing or causing to be mailed a written communication to Mrs. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such, QUANTUM's conduct violated Tex. Fin. Code § 392.303(a)(2), and 392.304(a)(19).

103. Defendant John and/or Jane Doe, on or about May 28, 2013, violated the TDCPA, by mailing or causing to be mailed a written communication to Mrs. James that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30" and "Collection Fee: $25." As such it is a violation of Tex. Fin. Code § 392.303(a)(2), and 392.304(a)(19).

104. Defendant QUANTUM, on May 31, 2013, violated the TDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose. As such, QUANTUM's conduct violated Tex. Fin. Code § 392.304(a)(5)(A), and 392.304(a)(19).

105. Defendant Jane Doe, on May 31, 2013, violated the TDCPA, by communicating with Plaintiffs by voice mail without disclosing that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose. As such it is a violation of Tex.

Fin. Code § 392.304(a)(5)(A), and 392.304(a)(19).

106. Defendant QUANTUM, on June 3, 2013, violated the TDCPA, by misrepresenting the character, amount, and legal status of the alleged debts with the information provided to Experian. As such, QUANTUM's conduct violated Tex. Fin. Code § 392.304(a)(8), and 392.304(a)(19).

107. Defendant John and/or Jane Doe, on or about June 3, 2013, violated the TDCPA, by misrepresenting the character, amount, and legal status of the alleged debts with the information provided to Experian. As such it is a violation of Tex. Fin. Code § 392.304(a)(8), and 392.304(a)(19).

108. Defendant QUANTUM, on or about June 3, 2013, violated the TDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such, QUANTUM's conduct violated Tex. Fin. Code § 392.301(a)(3), and 392.304(a)(19).

109. Defendant John and/or Jane Doe, on or about June 3, 2013, violated the TDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such it is a violation of Tex. Fin. Code § 392.301(a)(3), and 392.304(a)(19).

110. Defendant QUANTUM, on or about June 13, 2013, violated the TDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such, QUANTUM's conduct violated Tex. Fin. Code § 392.301(a)(3), and 392.304(a)(19).

111. Defendant John and/or Jane Doe, on or about June 13, 2013, violated the TDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such it is a violation of Tex. Fin. Code § 392.301(a)(3), and 392.304(a)(19).

112. Defendant QUANTUM, on or about June 28, 2013, violated the TDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such, QUANTUM's conduct violated Tex. Fin. Code § 392.301(a)(3), and 392.304(a)(19).

113. Defendant John and/or Jane Doe, on or about June 28, 2013, violated the TDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such it is a violation of Tex. Fin. Code § 392.301(a)(3), and 392.304(a)(19).

114. Defendant QUANTUM, on or about July 10, 2013, violated the TDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such, QUANTUM's conduct violated Tex. Fin. Code § 392.301(a)(3), and 392.304(a)(19).

115. Defendant John and/or Jane Doe, on or about July 10, 2013, violated the TDCPA, by failing to communicate to Experian that a disputed debt is disputed. As such it is a violation of Tex. Fin. Code § 392.301(a)(3), and 392.304(a)(19).

116. As a result of the foregoing violations of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100.00 for each violation of the TDCPA, reasonable attorney's fees, and costs pursuant to Tex. Fin. Code § 392.403.

## VII. COUNT 3 VIOLATIONS OF WCPA

117. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (116). The Defendants violation of the WCPA include but are not limited to the following:

118. Defendant QUANTUM's communication with the Plaintiffs, on or about May 9, 2013 through May 31, 2013 was made while illegally conducting the business of a collection agency and a debt collector in the state of Wyoming.

119. Plaintiff Mr. James' July 29, 2013 notification gave QUANTUM the statutorily required notice in writing to cure the unlawful deceptive trade practices.

120. Defendant QUANTUM recklessly and willfully chose to continue to demand payment for alleged debts while illegally conducting the business of a collection agency and a debt collector in the state of Wyoming.

121. Defendant QUANTUM knew or should have known that they were required to be licensed by the state of Wyoming to conduct the business of a collection agency in the state of Wyoming. As a result of Defendant QUANTUM's violation of the WCPA, Plaintiffs are entitled to actual damages pursuant to Wyoming Statutes § 40-12-108.

## VIII. COUNT 4 VIOLATIONS OF THE WCAA

122. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (121). The Defendants violation of the WCAA include but are not limited to the following:

123. Defendant QUANTUM's communication with the Plaintiffs, on or about May 9, 2013 through May 31, 2013 was made while illegally conducting the business of a collection agency and a debt collector in the state of Wyoming.

124. Defendant QUANTUM recklessly and willfully chose to continue to demand payment for alleged debts while illegally conducting the business of a collection agency and a debt collector in the state of Wyoming.

125. Defendant QUANTUM violated Chapter 4 Section 6 of the Collection Agency Board Rules and Regulations as detailed in Count 1 FDCPA Violations.

126. John and/or Jane Doe violated Chapter 4 Section 6 of the Collection Agency Board Rules and Regulations as detailed in Count 1 FDCPA Violations.

## IX. COUNT 5 TORTS VIOLATIONS

127. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (126). Defendant QUANTUM engaged in extreme, outrageous, and unreasonable acts with respect to Plaintiffs with a willful intent to harass and injure them, and invade their privacy.

128. As indicated above, Defendants violated the FDCPA, TDCPA, WCPA, and WCAA. Thus, Defendants violated a statutory duty that gives rise to a tort (tort-in-se).

129. Defendant QUANTUM's violation of a statutory duty led to Plaintiffs being injured.

130. A violation of a statutory duty to another may be a tort, and a violation of a statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the statute itself.

131. Defendant QUANTUM intended to harass and cause Plaintiffs to suffer emotional distress, and/or negligently engaged in outrageous conduct with reckless disregard of the probability of negligently causing Plaintiffs to suffer emotional distress, and invasion of privacy.

132. Defendant QUANTUM willfully invaded the privacy of Plaintiffs by sending communications, placing calls to the Plaintiffs, and leaving voice mail messages that violated federal and state statutes.

133. Defendant QUANTUM being the superior party has engaged in grievous and perfidious misconduct.

134. Defendant QUANTUM knowingly, willfully, deliberately, and repeatedly ignored lawfully executed cease communication orders of the Plaintiffs.

135. As a direct and proximate result of Defendant QUANTUM's outrageous conduct, Plaintiffs suffered emotional distress and invasion of privacy.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, George James and Kelly James, respectfully requests this Honorable Court find in their favor and enter judgment against the Defendants for;

a. Declaratory judgment ruling and finding QUANTUM violated the Wyoming Consumer Protection Act, Wyoming Statute § 40-12-101 *et seq*. Specifically, engaging in deceptive trade practices in the state of Wyoming;

b. Declaratory judgment ruling and finding QUANTUM violated Wyoming Collection Agency Act, Wyoming Statute § 33-11-101 *et seq*. Specifically, operating as a collection agency in the state of Wyoming without a license issued by the Collection Agency Board.

c. Statutory damages of $1,000 per Defendant, pursuant to FDCPA 15 U.S.C. § 1692k;

d. Damages of $1,000 per Defendant, pursuant to Chapter 4 Section 6 of the Rules and Regulations of the Collection Agency Board;

e. Actual damages of $10,000, and up to an amount proven at trial, pursuant to FDCPA 15 U.S.C. § 1692k for emotional distress and invasion of privacy;

f. Statutory damages of no less than $8,000 per Defendant and up to an amount proven at trial pursuant to TDCPA § 392.403;

g. Court costs, service costs, and reasonable attorneys fees;

h.  Such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, George James and Kelly James, hereby demands a trial by jury of all triable

issues of fact in the above-captioned case.

Date: November 5, 2013

Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
kj_james71@yahoo.com
307-635-3119

George James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
gjames1@gmail.com
307-635-3119

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2013 I served a copy of the First Amended Complaint by
USPS First Class mail, postage prepaid to:

George James

Henry F Bailey , Jr
BAILEY STOCK & HARMON
221 East 21st Street
P O Box 1557
Cheyenne, WY 82003-1557