Henry F. Bailey Jr. #5-1681
Douglas W. Bailey #7-5102
BAILEY, STOCK & HARMON P.C.
P. O. Box 1557
Cheyenne, WY 82003
Phone: 307/638-7745

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| GEORGE JAMES, | ) | |
| KELLY JAMES | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| QUANTUM FINANCIAL BUSINESS | ) | |
| SERVICES, LLC d/b/a QUANTUM | ) | Case No. 13CV165 |
| COLLECTION SERVICES, LLC d/b/a | ) | |
| CHECKRITE OF CORPUS CHRISTI; | ) | |
| JOHN AND JANE DOES 1 through 10, | ) | |
| As employees of Quantum conglomerate, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant hereby answers Plaintiffs' First Amended Complaint as follows:

### I. INTRODUCTION

1.     Defendant denies the allegations of paragraph 1 of the amended complaint.

### II. PARTIES

2.     Defendant admits the allegations of paragraph 2 of the amended complaint.

3.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 3 of the amended complaint.

1

4.      Defendant denies the allegations of paragraph 4 of the amended complaint.

5.      Defendant admits generally the allegations of paragraph 5 of the amended complaint, denying that it uses "all other means at its disposal."

6.      Defendant admits the allegations of paragraph 6 of the amended complaint.

7.      Defendant denies the allegations of paragraph 7 of the amended complaint.

### III. JURISDICTION AND VENUE

8.      Defendant admits the allegations of paragraph 8 of the amended complaint.

9.      Defendant denies the allegations of paragraph 9 of the amended complaint.

10.     Defendant denies the allegations of paragraph 10 of the amended complaint.

11.     Defendant denies the allegations of paragraph 11 of the amended complaint.

12.     Defendant denies the allegations of paragraph 12 of the amended complaint.

13.     Defendant denies the allegations of paragraph 13 of the amended complaint.

14.     Defendant denies the allegations of paragraph 14 of the amended complaint.

### IV. FACTS COMMON TO ALL COUNTS

15.     Defendant incorporates by reference the answers contained in paragraphs 1 through 14, inclusive.

16.     Defendant denies the allegations of paragraph 16 of the amended complaint.

17.     Defendant generally admits the allegations of paragraph 17 of the amended complaint, denying the use of the name "Jane Doe."

18.     Defendant admits it attempted to collect on a series of bad checks written by plaintiffs. However, defendant denies the remaining allegations of paragraph 18 of the amended complaint.

2

19.     Defendant denies the allegations of paragraph 19 of the amended complaint, affirmatively asserting that the May 17, 2013 communication did not constitute a cease communications directive, and further affirmatively asserting that the letter contained a blatantly false statement.

20.     Defendant denies the allegations of paragraph 20 of the amended complaint.

21.     Defendant admits it attempted to collect on a series of bad checks written by plaintiffs. However, defendant denies the remaining allegations of paragraph 21 of the amended complaint.

22.     Defendant denies the allegations of paragraph 22 of the amended complaint, affirmatively asserting that the May 21, 2013 communication did not constitute a cease communications directive, and further affirmatively asserting that the letter contained a blatantly false statement.

23.     Defendant denies the allegations of paragraph 23 of the amended complaint.

24.     Defendant admits it attempted to collect on a series of bad checks written by plaintiffs. However, defendant denies the remaining allegations of paragraph 24 of the amended complaint.

25.     Defendant denies the allegations of paragraph 25 of the amended complaint.

26.     Defendant admits generally the allegations of paragraph 26 of the amended complaint, affirmatively asserting that the letter was not a cease communication directive.

27.     Defendant admits it attempted to collect on the series of bad checks written by plaintiffs. However, defendant denies the remaining allegations of paragraph 27 of the amended complaint.

3

28.     Defendant admits generally the allegations of paragraph 28 of the amended complaint, affirmatively asserting that the letter was not a cease communication directive.

29.     Defendant denies the allegations of paragraph 29 of the amended complaint.

30.     Defendant denies generally the allegations of paragraph 30 of the amended complaint, affirmatively asserting that plaintiffs never disputed the validity of their debts: they simply refused to pay the debts and falsely claimed ignorance of them.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the amended complaint.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the amended complaint.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the amended complaint.

## V. COUNT 1 FDCPA VIOLATIONS, AS TO ALL DEFENDANTS

34.     Defendant incorporates by reference all of the answers in paragraphs 1 through 33, inclusive.

35.     Defendant denies the allegations of paragraph 35 of the amended complaint.

36.     Defendant denies the allegations of paragraph 36 of the amended complaint.

37.     Defendant denies the allegations of paragraph 37 of the amended complaint.

38.     Defendant denies the allegations of paragraph 38 of the amended complaint.

39.     Defendant denies the allegations of paragraph 39 of the amended complaint.

40.     Defendant denies the allegations of paragraph 40 of the amended complaint.

41.     Defendant denies the allegations of paragraph 41 of the amended complaint.

4

42.     Defendant denies the allegations of paragraph 42 of the amended complaint.

43.     Defendant denies the allegations of paragraph 43 of the amended complaint.

44.     Defendant denies the allegations of paragraph 44 of the amended complaint.

45.     Defendant denies the allegations of paragraph 45 of the amended complaint.

46.     Defendant denies the allegations of paragraph 46 of the amended complaint.

47.     Defendant denies the allegations of paragraph 47 of the amended complaint.

48.     Defendant denies the allegations of paragraph 48 of the amended complaint.

49.     Defendant denies the allegations of paragraph 49 of the amended complaint.

50.     Defendant denies the allegations of paragraph 50 of the amended complaint.

51.     Defendant denies the allegations of paragraph 51 of the amended complaint.

52.     Defendant denies the allegations of paragraph 52 of the amended complaint.

53.     Defendant denies the allegations of paragraph 53 of the amended complaint.

54.     Defendant denies the allegations of paragraph 54 of the amended complaint.

55.     Defendant denies the allegations of paragraph 55 of the amended complaint.

56.     Defendant denies the allegations of paragraph 56 of the amended complaint.

57.     Defendant denies the allegations of paragraph 57 of the amended complaint.

58.     Defendant denies the allegations of paragraph 58 of the amended complaint.

59.     Defendant denies the allegations of paragraph 59 of the amended complaint.

60.     Defendant denies the allegations of paragraph 60 of the amended complaint.

61.     Defendant denies the allegations of paragraph 61 of the amended complaint.

62.     Defendant denies the allegations of paragraph 62 of the amended complaint.

63.     Defendant denies the allegations of paragraph 63 of the amended complaint.

64.     Defendant denies the allegations of paragraph 64 of the amended complaint.

65.     Defendant denies the allegations of paragraph 65 of the amended complaint.

66.     Defendant denies the allegations of paragraph 66 of the amended complaint.

67.     Defendant denies the allegations of paragraph 67 of the amended complaint.

68.     Defendant denies the allegations of paragraph 68 of the amended complaint.

69.     Defendant denies the allegations of paragraph 69 of the amended complaint.

70.     Defendant denies the allegations of paragraph 70 of the amended complaint.

71.     Defendant denies the allegations of paragraph 71 of the amended complaint.

72.     Defendant denies the allegations of paragraph 72 of the amended complaint.

73.     Defendant denies the allegations of paragraph 73 of the amended complaint.

74.     Defendant denies the allegations of paragraph 74 of the amended complaint.

75.     Defendant denies the allegations of paragraph 75 of the amended complaint.

76.     Defendant denies the allegations of paragraph 76 of the amended complaint.

77.     Defendant denies the allegations of paragraph 77 of the amended complaint.

78.     Defendant denies the allegations of paragraph 78 of the amended complaint.

79.     Defendant denies the allegations of paragraph 79 of the amended complaint.

80.     Defendant denies the allegations of paragraph 80 of the amended complaint.

81.     Defendant denies the allegations of paragraph 81 of the amended complaint.

82.     Defendant denies the allegations of paragraph 82 of the amended complaint.

83.     Defendant denies the allegations of paragraph 83 of the amended complaint.

84.     Defendant denies the allegations of paragraph 84 of the amended complaint.

85.     Defendant denies the allegations of paragraph 85 of the amended complaint.

## VI. COUNT 2 VIOLATIONS OF THE TDCPA, AS TO ALL DEFENDANTS

86.     Defendant incorporates by reference all of the answers in paragraphs 1 through 85. inclusive.

87.     Defendant denies the allegations of paragraph 87 of the amended complaint.

88.     Defendant denies the allegations of paragraph 88 of the amended complaint.

89.     Defendant denies the allegations of paragraph 89 of the amended complaint.

90.     Defendant denies the allegations of paragraph 90 of the amended complaint.

91.     Defendant denies the allegations of paragraph 91 of the amended complaint.

92.     Defendant denies the allegations of paragraph 92 of the amended complaint.

93.     Defendant denies the allegations of paragraph 93 of the amended complaint.

94.     Defendant denies the allegations of paragraph 94 of the amended complaint.

95.     Defendant denies the allegations of paragraph 95 of the amended complaint.

96.     Defendant denies the allegations of paragraph 96 of the amended complaint.

97.     Defendant denies the allegations of paragraph 97 of the amended complaint.

98.     Defendant denies the allegations of paragraph 98 of the amended complaint.

99.     Defendant denies the allegations of paragraph 99 of the amended complaint.

100.    Defendant denies the allegations of paragraph 100 of the amended complaint.

101.    Defendant denies the allegations of paragraph 101 of the amended complaint.

102.    Defendant denies the allegations of paragraph 102 of the amended complaint.

103.    Defendant denies the allegations of paragraph 103 of the amended complaint.

104.    Defendant denies the allegations of paragraph 104 of the amended complaint.

105.    Defendant denies the allegations of paragraph 105 of the amended complaint.

106.    Defendant denies the allegations of paragraph 106 of the amended complaint.

107.    Defendant denies the allegations of paragraph 107 of the amended complaint.

108.    Defendant denies the allegations of paragraph 108 of the amended complaint.

109.    Defendant denies the allegations of paragraph 109 of the amended complaint.

110.    Defendant denies the allegations of paragraph 110 of the amended complaint.

111.    Defendant denies the allegations of paragraph 111 of the amended complaint.

112.    Defendant denies the allegations of paragraph 112 of the amended complaint.

113.    Defendant denies the allegations of paragraph 113 of the amended complaint.

114.    Defendant denies the allegations of paragraph 114 of the amended complaint.

115.    Defendant denies the allegations of paragraph 115 of the amended complaint.

116.    Defendant denies the allegations of paragraph 116 of the amended complaint.

## VII. COUNT 3 VIOLATIONS OF WCPA

117.    Defendant incorporates by reference all of the answers in paragraphs 1 through 116. inclusive.

118.    Defendant denies the allegations of paragraph 118 of the amended complaint.

119.    Defendant denies the allegations of paragraph 119 of the amended complaint.

120.    Defendant denies the allegations of paragraph 120 of the amended complaint.

121.    Defendant denies the allegations of paragraph 121 of the amended complaint.

## VIII. COUNT 4 VIOLATIONS OF THE WCAA

122.    Defendant incorporates by reference all of the answers in paragraphs 1 through 121. inclusive.

123.    Defendant denies the allegations of paragraph 123 of the amended complaint.

8

124.    Defendant denies the allegations of paragraph 124 of the amended complaint.

125.    Defendant denies the allegations of paragraph 125 of the amended complaint.

126.    Defendant denies the allegations of paragraph 126 of the amended complaint.

## IX. COUNT 5 TORTS VIOLATIONS

127.    Defendant incorporates by reference all of the answers in paragraphs 1 through 126, inclusive.

128.    Defendant denies the allegations of paragraph 128 of the amended complaint.

129.    Defendant denies the allegations of paragraph 129 of the amended complaint.

130.    Defendant denies the allegations of paragraph 130 of the amended complaint.

131.    Defendant denies the allegations of paragraph 131 of the amended complaint.

132.    Defendant denies the allegations of paragraph 132 of the amended complaint.

133.    Defendant denies the allegations of paragraph 133 of the amended complaint.

134.    Defendant denies the allegations of paragraph 134 of the amended complaint.

135.    Defendant denies the allegations of paragraph 135 of the amended complaint.

## AFFIRMATIVE DEFENSES

1.    The First Amended Complaint fails to state a claim against Defendant for which relief can be granted and should therefore be dismissed.  Plaintiffs had multiple delinquent debts in the form of multiple bad checks written on separate occasions which violated criminal as well as civil laws.  Defendant did not make illegal contact with Plaintiffs after Defendant received Plaintiffs' letters regarding each separate transaction and debt.

2.    Plaintiffs' claims are barred by the equitable doctrines of estoppel and waiver.

9

3.       Plaintiffs' Complaint violates Rule 11 of the Federal Rules of Civil Procedure in that it is presented for an improper purpose, aimed primarily at harassing, intimidating, or injuring the Defendant, and is not founded on facts or the law, and Defendant is therefore entitled to an award of all costs incurred in this action.

4.       If Plaintiffs were damaged by Defendant's alleged misconduct, which Defendant denies. Plaintiffs failed to mitigate their damages and thus any award of damages must be reduced by such failure to mitigate.

5.       If Defendant violated the FDCPA, which Defendant denies, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

6.       There is no causal relationship between the alleged violations of the law and any specific loss.

7.       Punitive damages are not recoverable in an action under the FDCPA.

8.       Defendant did not and has not engaged in any conduct to harass, oppress, or abuse Plaintiffs.

9.       Defendant did not and has not used any false, deceptive, or misleading representation or means in connection with the collection of Plaintiffs' debts, nor has Defendant used any unfair or unconscionable means to collect or attempt to collect Plaintiffs' debts.

10.      At all times relevant to Plaintiffs' claims, Defendant had adopted and followed reasonable procedures to assure maximum possible accuracy of the information it obtained and disseminated.

11.     Plaintiffs' Complaint and the claims therein constitute an abuse of process and malicious prosecution.

12.     A 30 day validation notice is not required for bad checks, since the signature on the check validates the debt.

13.     The bad checks written by Plaintiffs did not and do not constitute consumer debt under the unique facts of this case.

WHEREFORE, Defendant prays for relief and judgment against Plaintiffs as follows:

1.     That Plaintiffs take nothing by reason of their First Amended Complaint, and that the same be dismissed with prejudice;

2.     That Defendant be awarded its costs of suit;

3.     For such other and further relief as the Court deems just and equitable.

Dated this 18th day of November, 2013.

BAILEY, STOCK & HARMON, P.C.

Henry F. Bailey Jr.
Douglas W. Bailey
221 East 21st Street
P. O. Box 1557
Cheyenne, WY 82003
(307) 638-745

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **Answer to First Amended Complaint** was served in the manner defined below on November 18, 2013 to the following:

George & Kelly James
3422 Cribbon Avenue
Cheyenne, WY 82001

[ ] Facsimile
[X] U.S. Mail – postage prepaid
[ ] Hand delivery

Henry F. Bailey Jr.

12