Henry F. Bailey Jr. #5-1681
Douglas W. Bailey #7-5102
BAILEY, STOCK & HARMON P.C.
P. O. Box 1557
Cheyenne, WY 82003
Phone: 307/638-7745

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES, <br> KELLY JAMES <br><br> Plaintiffs, <br><br> v. <br><br> QUANTUM FINANCIAL BUSINESS SERVICES, LLC d/b/a QUANTUM COLLECTION SERVICES, LLC d/b/a CHECKRITE OF CORPUS CHRISTI; <br><br> Defendants. | Case No. 13-CV-165-J <br> <u>LEAD CASE</u> <br><br> Consolidated with: <br> Case No. 13-CV-218-J |

## ANSWER TO FIRST AMENDED COMPLAINT CASE NO. 13-CV-218-J

Defendant hereby answers Plaintiffs' First Amended Complaint Case No. 13-CV-218-J as follows:

The first unnumbered paragraphs of Plaintiff's Amended Complaint contain no allegations of fact in conformity with the Federal Rules of Civil Procedure. However, to the extent the statements contained therein do set forth statements that might be construed as factual allegations or claims for relief, Defendant denies any and all claims of wrongdoing or misconduct stated therein.

1

## I. INTRODUCTION

1. Defendant denies the allegations of paragraph 1 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

## II. PARTIES

2. Defendant admits the allegations of paragraph 2 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

3. Defendant denies the allegations of paragraph 3 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

4. Defendant admits the allegations of paragraph 4 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

5. Defendant admits the allegations of paragraph 5 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

6. Defendant admits the allegations of paragraph 6 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

7. Defendant denies the allegations of paragraph 7 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

## III. JURISDICTION AND VENUE

8. Defendant admits the allegations of paragraph 8 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

9. Defendant denies the allegations of paragraph 9 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

10. Defendant denies the allegations of paragraph 10 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

11. Defendant admits the allegations of paragraph 11 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

12. Defendant admits the allegations of paragraph 12 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

## IV. FACTS COMMON TO ALL COUNTS

13. Defendant restates and incorporates by reference the Answers set forth in paragraphs 1-12, inclusive.

14. Defendant admits the allegations of paragraph 14 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

15. Defendant admits the allegations of paragraph 15 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the First Amended Complaint.

17. Defendant admits the allegations of paragraph 17 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

18. Defendant admits the allegations of paragraph 18 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

19. The communication referred to in paragraph 19 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein

or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

20. The communication referred to in paragraph 20 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

21. The communication referred to in paragraph 21 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

22. The communication referred to in paragraph 22 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

23. The communication referred to in paragraph 23 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

24. The communication referred to in paragraph 24 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

25. The communication referred to in paragraph 25 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

26. Defendant admits the allegations of paragraph 26 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

27. Defendant admits the allegations of paragraph 27 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

28. The communication referred to in paragraph 28 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

29. The communication referred to in paragraph 29 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

30. The communication referred to in paragraph 30 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

31. The communication referred to in paragraph 31 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein

or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

32. The communication referred to in paragraph 32 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

33. The communication referred to in paragraph 33 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J speaks for itself. To the extent the excerpt referred to therein or reference thereto is an incomplete and misleading excerpt or reference and as such implies a violation of any state or federal law, Defendant denies the implication alleged.

34. Defendant admits the allegations of paragraph 34 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

## V. COUNT 1 FDCPA VIOLATIONS

35. Defendant restates and incorporates by reference the Answers set forth in paragraphs 1-34, inclusive.

36. Defendant denies the allegations of paragraph 36 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

37. Defendant denies the allegations of paragraph 37 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

38. Defendant denies the allegations of paragraph 38 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

39. Defendant denies the allegations of paragraph 39 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

40. Defendant denies the allegations of paragraph 40 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

41. Defendant denies the allegations of paragraph 41 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

42. Defendant denies the allegations of paragraph 42 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

43. Defendant denies the allegations of paragraph 43 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

44. Defendant denies the allegations of paragraph 44 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

45. Defendant denies the allegations of paragraph 45 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

46. Defendant denies the allegations of paragraph 46 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

47. Defendant denies the allegations of paragraph 47 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

48. Defendant denies the allegations of paragraph 48 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

49. Defendant denies the allegations of paragraph 49 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

50. Defendant denies the allegations of paragraph 50 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

51. Defendant denies the allegations of paragraph 51 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

52. Defendant denies the allegations of paragraph 52 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

## VI. COUNT 2 VIOLATIONS OF THE TDCPA

53. Defendant restates and incorporates by reference the Answers set forth in paragraphs 1-52, inclusive.

54. Defendant denies the allegations of paragraph 54 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

55. Defendant denies the allegations of paragraph 55 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

56. Defendant denies the allegations of paragraph 56 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

57. Defendant denies the allegations of paragraph 57 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

58. Defendant denies the allegations of paragraph 58 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

59. Defendant denies the allegations of paragraph 59 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

60. Defendant denies the allegations of paragraph 60 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

61. Defendant denies the allegations of paragraph 61 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

62. Defendant denies the allegations of paragraph 62 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

63. Defendant denies the allegations of paragraph 63 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

64. Defendant denies the allegations of paragraph 64 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

65. Defendant denies the allegations of paragraph 65 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

66. Defendant denies the allegations of paragraph 66 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

67. Defendant denies the allegations of paragraph 67 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

68. Defendant denies the allegations of paragraph 68 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

69. Defendant denies the allegations of paragraph 69 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

70. Defendant denies the allegations of paragraph 70 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

71. Defendant denies the allegations of paragraph 71 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

72. Defendant denies the allegations of paragraph 72 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

73. Defendant denies the allegations of paragraph 73 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

74. Defendant denies the allegations of paragraph 74 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

## VII. COUNT 3 VIOLATIONS OF WCPA

75. Defendant restates and incorporates by reference the Answers set forth in paragraphs 1-74, inclusive.

76. Defendant denies the allegations of paragraph 76 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

77. Defendant denies the allegations of paragraph 77 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

78. Defendant denies the allegations of paragraph 78 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

79. Defendant denies the allegations of paragraph 79 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

## VIII. COUNT 4 VIOLATIONS OF THE WCAA

80. Defendant restates and incorporates by reference the Answers set forth in paragraphs 1-79, inclusive.

81. Defendant denies the allegations of paragraph 81 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

82. Defendant denies the allegations of paragraph 82 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

83. Defendant denies the allegations of paragraph 83 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

## IX. COUNT 5 TORTS VIOLATIONS

84. Defendant restates and incorporates by reference the Answers set forth in paragraphs 1-83, inclusive.

85. Defendant denies the allegations of paragraph 85 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

86. Defendant denies the allegations of paragraph 86 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

87. Defendant denies the allegations of paragraph 87 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

88. Defendant denies the allegations of paragraph 88 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

89. Defendant denies the allegations of paragraph 89 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

90. Defendant denies the allegations of paragraph 90 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

91. Defendant denies the allegations of paragraph 91 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

92. Defendant denies the allegations of paragraph 92 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

93. Defendant denies the allegations of paragraph 93 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

94. Defendant denies the allegations of paragraph 94 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

95. Defendant denies the allegations of paragraph 95 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

96. Defendant denies the allegations of paragraph 96 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

97. Defendant denies the allegations of paragraph 97 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

98. Defendant denies the allegations of paragraph 98 of Plaintiffs' First Amended Complaint Case No. 13-CV-218-J.

## **AFFIRMATIVE DEFENSES**

1. The First Amended Complaint Case No. 13-CV-218-J fails to state a claim against Defendant for which relief can be granted and should therefore be dismissed. Plaintiffs had multiple delinquent debts in the form of multiple bad checks written on separate occasions which violated criminal as well as civil laws. Defendant did not make illegal contact with Plaintiffs after Defendant received Plaintiffs' letters regarding each separate transaction and debt.

2.      Plaintiffs' claims are barred by the equitable doctrines of estoppel and waiver.

3.      Plaintiffs' Complaint violates Rule 11 of the Federal Rules of Civil Procedure in that it is presented for an improper purpose, aimed primarily at harassing, intimidating, or injuring the Defendant, and is not founded on facts or the law, and Defendant is therefore entitled to an award of all costs incurred in this action.

4.      If Plaintiffs were damaged by Defendant's alleged misconduct, which Defendant denies, Plaintiffs failed to mitigate their damages and thus any award of damages must be reduced by such failure to mitigate.

5.      If Defendant violated the FDCPA, which Defendant denies, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

6.      There is no causal relationship between the alleged violations of the law and any specific loss.

7.      Punitive damages are not recoverable in an action under the FDCPA.

8.      Defendant did not and has not engaged in any conduct to harass, oppress, or abuse Plaintiffs.

9.      Defendant did not and has not used any false, deceptive, or misleading representation or means in connection with the collection of Plaintiffs' debts, nor has Defendant used any unfair or unconscionable means to collect or attempt to collect Plaintiffs' debts.

10.     At all times relevant to Plaintiffs' claims, Defendant had adopted and followed reasonable procedures to assure maximum possible accuracy of the information it obtained and disseminated.

11. Plaintiffs' Complaint and the claims therein constitute an abuse of process and malicious prosecution.

12. A 30 day validation notice is not required for bad checks, since the signature on the check validates the debt.

13. The bad checks written by Plaintiffs did not and do not constitute consumer debt under the unique facts of this case.

WHEREFORE, Defendant prays for relief and judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by reason of their First Amended Complaint Case No. 13-CV-218-J, and that the same be dismissed with prejudice;

2. That Defendant be awarded its costs of suit;

3. For such other and further relief as the Court deems just and equitable.

Dated this 27th day of November, 2013.

BAILEY, STOCK & HARMON, P.C.

Henry F. Bailey Jr.
Douglas W. Bailey
221 East 21st Street
P. O. Box 1557
Cheyenne, WY 82003
(307) 638-745

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **First Amended Complaint Case No. 13-CV-218-J** was served in the manner defined below on December 27, 2013 to the following:

| | |
|---|---|
| George & Kelly James<br>3422 Cribbon Avenue<br>Cheyenne, WY 82001 | [ ] Facsimile<br>[X] U.S. Mail – postage prepaid<br>[ ] Hand delivery |

_____
Henry F. Bailey Jr.