FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2014 MAR 4 AM 8 38
STEPHAN HARRIS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES,<br>KELLY JAMES<br><br>    PLAINTIFFS,<br><br>vs.<br><br>QUANTUM FINANCIAL BUSINESS<br>SERVICES, LLC d/b/a QUANTUM<br>COLLECTION SERVICES, LLC d/b/a<br>CHECKRITE OF CORPUS CHRISTI<br><br>    DEFENDANTS. | Case No. 13-CV-165-J<br>LEAD CASE<br><br>Consolidated with:<br>Case No. 13-CV-218-J |

## OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW

Plaintiffs, GEORGE JAMES and KELLY JAMES (hereinafter "Plaintiffs"), pro se, on this 4th day of March, 2014, and respectfully request that this Honorable Court deny Defendant's Motion to Withdraw on the following grounds:

1. The defense has failed to comply with rule 83.12.3 of the Local Rules of the United States District Court for the District of Wyoming. The defense has not filed an entry of appearance or commitment to represent the Defendant by a substitute attorney pursuant to local rule 83.12.3(b)(3). In fact, Mr. McClain boldly asserts that substitute counsel will not be retained.

2. None of Defendant's attorney's purported reasons to withdraw are grounds for *mandatory* withdrawal pursuant to Wyoming Rules of Professional Conduct for Attorneys at Law and a withdrawal will only act to further delay resolution of this case to the parties prejudice.

3. Defense counsel should have discussed costs and consequences prior to accepting the case and raising twelve (12) frivolous affirmative defenses each in their Amended Answers that no court in the country, in an FDCPA action has ever recognized.

4. Plaintiffs have been preparing to be deposed March 5, 2014, having rearranged their work schedules and taking time off work because the defense refused to work with Plaintiffs on a more convenient time for Plaintiffs. The Defendants Answers admit to violating the FDCPA but for unknown reasons the defense insisted on deposing Plaintiffs, and now, at the latest possible time pleads poverty and seemingly acquiesces to a judgment.

5. At every stage of this litigation the defense has tried to bully, intimidate, and imply that the Plaintiffs have done something wrong by enforcing their rights, and now since that tactic hasn't worked the defense pleads poverty and seemingly acquiesces to a judgment.

6. On September 19, 2013, this Honorable Court ordered the Defendant to retain counsel to proceed in this action as corporations cannot proceed pro se. Allowing counsel to withdraw will leave the corporate client unrepresented and the consolidated cases in limbo.

7. The defense has miscalculated that pro se Plaintiffs would be easy prey. Poor planning by the defense does not create an emergency for the Plaintiffs or this Honorable Court.

8. This Honorable Court should order Defendant to provide audited financial statements

proving they don't have the funds to pay attorney fees and expenses.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court deny Defendants attorney's request to withdraw; and grant such further relief, at law or in equity to which Plaintiffs may justly be entitled.

Date: March 4, 2014

_Kelly James_
Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
kj_james71@yahoo.com
307-635-3119

_George James_
George James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
gjames1@gmail.com
307-635-3119

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2014 I served a copy of the Opposition to Withdraw by USPS First Class mail, postage prepaid to:

_George James_
George James

Henry F Bailey, Jr.
BAILEY STOCK & HARMON
221 East 21st Street
P O Box 1557
Cheyenne, WY 82003-1557

Michael McClain
Quantum Financial Business Services, LLC
2820 S. Padre Island Drive Ste.205
Corpus Christi, TX 78415